Case No: _____ Inmate Name: DAVID MEISTER
Date: 5/9/19 Inmate IDOC#: 70703
DAVID J. MEISTER #70703 Document Title: PETITION FOR WRIT OF HABEAS CORPUS
*(full name/prisoner number)*
ISCI 9B 39A Total Pages: 12 Inmate Initials Verifying Page Count: DM
PO BOX 14
BOISE, ID 83707 Document(s) 1 of 1
*(complete mailing address)*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

DAVID JOSEPH MEISTER,

Petitioner,

v.

AL RAMIREZ,

Respondent (Warden).

Case No. 1:19-cv-173-CWD
*(to be assigned by Court)*

**PETITION FOR WRIT OF HABEAS CORPUS**
*(§ 2254 - state custody)*

I request that the United States District Court grant my Petition and issue a Writ of Habeas Corpus to Respondent based on the following grounds.

## I. CONVICTION OR SENTENCE BEING CHALLENGED:

1. (a) Name and location of court that entered the judgment of conviction being challenged:

    SECOND JUDICIAL DISTRICT OF IDAHO, COUNTY OF LATAH

    (b) Criminal docket or case number (if you know): CASE No. CR-2002-01534

    (c) Date of the judgment of conviction (if you know): FEB. 27, 2012

    (d) Date of sentencing: FEB 27, 2012 NUNC PRO TUNC FEB. 17, 2012

    (e) Length of sentence: LIFE WITHOUT PAROLE

2. In this case, were you convicted of more than one count or crime? ☒ Yes ☐ No

3. Identify all counts/crimes of which you were convicted/sentenced in this case: COUNT I,

FIRST-DEGREE MURDER, I.C. §§ 18-4001, 4003; COUNT II, CONSPIRACY FOR FIRST-DEGREE MURDER, I.C. § 18-1701.

4. (a) What was your plea? (Check one) ☒ Not Guilty  ○ Guilty  ○ *Alford* Plea or No Contest

5. If you went to trial, what kind of trial did you have? (Check one) ☒ Jury  ○ Judge only

## II. DIRECT APPEAL

1. Did you file a direct appeal from the judgment of conviction? ☒ Yes  ○ No

2. If you did appeal, provide the following:

    (a) Name of court that heard your appeal: IDAHO COURT OF APPEALS

    (b) Docket or case number (if you know): No. 39807-2012

    (c) Result: DENIED

    (d) Date of result (if you know): MAR. 4, 2014

    (e) Grounds raised: WHETHER THE DISTRICT COURT'S LIMITATION OF EXPERT TESTIMONY ABOUT COERCIVE/SUGGESTIVE POLICE TACTICS IN MEISTER'S INTERROGATION VIOLATED HIS RIGHT TO PRESENT A DEFENSE.

    (f) If the Idaho Court of Appeals decided your appeal, did you file a petition for review with the Idaho Supreme Court? ☒ Yes  ○ No  ○ Not applicable. If yes, answer the following:

    (1) Result: DENIED

    (2) Date of result (if you know): JUNE 20, 2014

    (3) Grounds raised: SAME AS "(e)" ABOVE, AND ALSO WHETHER THE COURT OF APPEALS' HARMLESS-ERROR ANALYSIS WAS CONTRARY TO OPINIONS FROM THE UNITED STATES SUPREME COURT.

## III. FIRST POST-CONVICTION ACTION

1. If you filed any post-conviction petition, application, or motion concerning this judgment of conviction or sentence in any state court, give the following information:

    (a) Name of court: SECOND JUDICIAL DISTRICT OF IDAHO, COUNTY OF LATAH

    (b) Date of filing (if you know): No. CV-2015-337, FILED MARCH 31, 2015

    (c) Type of proceeding: POST-CONVICTION, I.C. §§ 19-4901, ET SEQ.

    (d) Grounds raised: SAME AS CLAIMS ONE THRU EIGHT, DESCRIBED HEREIN.

2. Did you file an appeal? ☒ Yes ○ No   If you did appeal, answer the following:

    (a) Name of court that heard your appeal: IDAHO COURT OF APPEALS

    (b) Docket or case number (if you know): No. 44322-2016

    (c) Result: DENIED

    (d) Date of result (if you know): DECEMBER 24, 2018

    (e) Grounds raised: SAME AS CLAIMS ONE THRU EIGHT, DESCRIBED HEREIN.

    (f) If the Idaho Court of Appeals decided your appeal, did you file a petition for review with the Idaho Supreme Court? ☒ Yes ○ No ○ Not applicable. If yes, answer the following:

      (1) Result: DENIED

      (2) Date of result (if you know): MARCH 11, 2019

      (3) Grounds raised: SAME AS CLAIMS ONE THRU EIGHT, DESCRIBED HEREIN.

## IV. CLAIMS FOR WHICH RELIEF IS REQUESTED IN THIS PETITION

1. First Claim

    (a) Legal Basis: Violation of 5th, 6th, and 14th Amendment right to present a defense. Jackson v. Denno, 378 U.S. 368 (1964); Washington v. Texas, 388 U.S. 14 (1967).
    *(State federal ground for your claim by citation or explanation in words.)*

    (b) Supporting Facts: The district court precluded evidence from expert Dr. Richard Ofshe who would have testified about specific coercive/suggestive tactics used in Petitioner's August 2002 interrogation. That decision by the court undercut Petitioner's trial defense that his confession was coerced and false, because Ofshe's testimony was essential to help the average juror to identify and understand the nuanced police influences that could have led Petitioner to give a false confession. (See Petitioner's Declaration in Support of Petition for Writ of Habeas Corpus, pp. 2-9, which "Petitioner's Declaration" is hereby referenced and incorporated in its entirety into this Petition.)

    (c) Did you bring this claim before the Idaho Supreme Court? ☒ Yes ☐ No

    (1) If you answered yes, state whether you brought the claim on direct appeal or in a post-conviction application, petition, or motion: Direct appeal, and subsequent post-conviction and appeal, and petition for review.

    (2) If you did not bring this claim before the Idaho Supreme Court, explain why:

Petition for Writ of Habeas Corpus - p. 4                                   (Rev. 10/24/2011)

2. Second Claim

(a) Legal Basis: Violation of 5th, 6th, 14th Amendment rights to due process, present a defense, and trial by jury. Jackson (supra); Washington (supra); Sullivan, 508 U.S. 275; Chapman v. California, 386 U.S. 18 (1967).

(b) Supporting Facts: The Idaho Court of Appeals presumed error in the preclusion of Dr. Ofshe's testimony (See First Claim, above) but found that error harmless, stating (1) there was overwhelming evidence of guilt, and (2) trial counsel was able to apply Dr. Ofshe's general theory by arguing in closing that evidence of coercive police tactics surrounded Meister's 2002 interrogation. However, the court found "overwhelming evidence of guilt" by re-weighing the case facts in a vacuum of evidence of guilt and by ignoring the trial record as a whole (which contained mitigating and exculpatory evidence). Additionally, trial counsels' attempt to apply Dr. Ofshe's theory in closing arguments is not evidence, and, further, is not equivalent to detailed expert testimony identifying sophisticated and nuanced instances of coercive interrogation tactics used in Meister's 2002 interrogation. (See "Petitioner's Declaration," pp. 10-13.)

(c) Did you bring this claim before the Idaho Supreme Court? [X]Yes [ ]No

(1) If yes, state whether you brought the claim on direct appeal or in post-conviction application, petition, or motion: Direct Appeal and Petition for Review, Post-conviction and Appeal, and Petition for Review.

(2) If no, explain why: _____

Petition for Writ of Habeas Corpus – p. 5

3. Third Claim

(a) Legal Basis: Failure to present evidence that disproved the confession violated 5th, 6th, and 14th Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).

(b) Supporting Facts: Trial counsel failed to present evidence that the Petitioner's confession could not be true because: (A) law enforcement could not corroborate that Petitioner announced to co-workers he'd kill for $1000; (B) Tonya Hart's emotional distress over her Spring 2001 break-up with Jesse Linderman was common to Pizza Pipeline workers and not particular knowledge of Petitioner's; (C) Linderman's pager number found in Petitioner's wallet could not have been given out on the night of the murder because it did not exist until about two months later; (D) a police cruiser was not on North Polk Extension just after the shooting; (E) police searched the area around North Polk Extension and found no indication in the fresh snow that the suspect deviated from the road into a field; and (F) no discarded clothing was found after extensive searching of the fields around North Polk Extension. (See "Petitioner's Declaration," pp. 14-27.)

(c) Did you bring this claim before the Idaho Supreme Court? ☒Yes []No

   (1) If yes, state whether you brought the claim on direct appeal or in post-conviction application, petition, or motion: Post-conviction and subsequent appeal, petition for review.

   (2) If no, explain why: _____

4. Fourth Claim

(a) Legal Basis: Failure to present evidence of alibi violated 5th, 6th, and 14th Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).

(b) Supporting Facts: Trial counsel failed to present persuasive evidence that Petitioner was at home with his roommate and then seen at Papa John's in a time frame that would have made it physically impossible for Petitioner to have travelled on foot from the crime scene (at about 10:15 pm) to his home in time to get pizza with his roommate prior to 10:50 pm. (See "Petitioner's Declaration," pp. 28-33.)

(c) Did you bring this claim before the Idaho Supreme Court? ☒Yes[ ]No

  (1) If yes, state whether you brought the claim on direct appeal or in post-conviction application, petition, or motion: Post-conviction and subsequent appeal and petition for review.

  (2) If no, explain why: _____

Petition for Writ of Habeas Corpus - p. 7

5. Fifth Claim

   (a) Legal Basis: Introduction of prejudicial evidence violated 5th, 6th, and 14th Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).

   (b) Supporting Facts: Trial counsel introduced evidence that (A) Jesse Linderman's phone number was found in Petitioner's wallet after his arrest and then failed to present available evidence that the number did not exist on the night of the murder, December 11, 2001, and could not have been given to Petitioner at that time, as he had falsely confessed; and that (B) Petitioner had a "sick sense of humor" and talked about and delighted in things associated with gore and death. (See "Petitioner's Declaration," pp. 34-41.)

   (c) Did you bring this claim before the Idaho Supreme Court? [X]Yes [ ]No

   (1) If yes, state whether you brought the claim on direct appeal or in post-conviction application, petition, or motion: Post-conviction, subsequent appeal, and petition for review.

   (2) If no, explain why: _____

Petition for Writ of Habeas Corpus - p. 8

6. Sixth Claim

(a) Legal Basis: Failure to object to fundamentally unfair prosecutorial misconduct violated 5th, 6th, and 14th Amendment right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984).

(b) Supporting Facts: Trial counsel failed to object to the State's use of (A) an undisclosed witness; (B) suggestions that Petitioner and a defense witness practice a pagan religion that denies sin, denounces contrition, and sees repentance as weakness; (C) the prosecutor's bare personal opinion that Petitioner is not credible, and possesses more incentive than law enforcement to lie about what happened during the unrecorded August 2002 interrogation; (D) repetitive rebuttal from law enforcement about their versions of the unrecorded August 2002 interrogation; (E) the prosecutor's false statement that Petitioner tailored his testimony to the testimony of Dr. Ofshe, who testified about police tactics known to cause false confessions; and (F) the prosecutor's closing argument that the jury should resent the Petitioner for his due process trial rights, which due process the victim did not receive. (See "Petitioner's Declaration," pp. 42-55.)

(c) Did you bring this claim before the Idaho Supreme Court? [X]Yes []No

    (1) If yes, state whether you brought the claim on direct appeal or in post-conviction application, petition, or motion: Post-conviction, subsequent appeal, and Petition for Review.

    (2) If no, explain why: _____

Petition for Writ of Habeas Corpus - p. 9

7. Seventh Claim

(a) Legal Basis: Cumulative effect of individual errors violated 5th, 6th, and 14th Amendment right to a fair trial and effective assistance of counsel. Chambers v. Mississippi, 410 U.S. 284 (1973).

(b) Supporting Facts: (A) The limitation of Dr. Ofshe's testimony about specific instances of police coercion/suggestiveness in Petitioner's August 2002 interrogation, (B) Trial counsels' failure to present evidence that Petitioner's confession could not be true, (C) Trial counsels' failure to present alibi evidence, (D) Trial counsels' introduction of prejudicial evidence, (E) and Trial counsels' failure to object to misconduct by the prosecution, even if not harmful individually, nonetheless combined to create a cumulative error that deprived Petitioner his right to a fair trial and/or effective assistance of counsel. (See "Petitioner's Declaration," pp. 56-58.)

(c) Did you bring this claim before the Idaho Supreme Court? [X]Yes []No
   (1) If yes, state whether you brought the claim on direct appeal or in post-conviction application, petition, or motion: Post-conviction, subsequent appeal, petition for review.
   (2) If no, explain why: _____

Petition for Writ of Habeas Corpus - p. 10

8. Eighth Claim

   (a) Legal Basis: Jury exposed to extrinsic evidence and argument violated 5th, 6th, 14th Amendment right to a fair trial and effective counsel. Irvin v. Dowd, 366 U.S. 717, 722 (1961); Strickland v. Washington, 466 U.S. 668 (1484).

   (b) Supporting Facts: (A) The jury room of Courtroom Three of the Latah County Courthouse is not insulated from sound generated during courtroom proceedings, which defect allows jurors to perceive extrinsic evidence and argument while excused from the proceedings. (B) Trial counsel were aware of the defect and failed to object on this ground. (See "Petitioner's Declaration," pp. 59-62.)

   (c) Did you bring this claim before the Idaho Supreme Court? [X] Yes [ ] No

   (1) If yes, state whether you brought the claim on direct appeal or in post-conviction application, petition, or motion: Post-Conviction, Subsequent Appeal, Petition for Review.

   (2) If no, explain why: _____

Petition for Writ of Habeas Corpus – p. 11

## V. OTHER FEDERAL COURT ACTIONS RELATED TO CONVICTION OR SENTENCE

If you have previously filed any type of petition, application, or motion in federal court regarding the conviction or sentence, state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result. Attach a copy of the decision if possible.

N/A

## VI. PENDING COURT ACTIONS RELATED TO CONVICTION OR SENTENCE

If you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging, state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, and the current status.

N/A

## VII. REQUEST FOR APPOINTMENT OF COUNSEL

I ☒ do, do not request the appointment of counsel. I believe counsel is necessary to assist me for the following reasons: THIS CASE IS PROCEDURALLY AND FACTUALLY IMMENSE AND INVOLVES COMPLEX LEGAL THEORIES.

## VIII. PRAYER FOR RELIEF

Petitioner asks that the Court grant the following relief: VACATE PETITIONER'S CONVICTIONS AND SENTENCES, OR REMAND, and any other relief as justice so requires.

I declare (or verify) under penalty of perjury that the foregoing is true and correct, and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 5/9/19.
(month, date, year)

Executed (signed) on MAY 9, 2019
(month, date, year)

_(signature of petitioner)_