LAWRENCE G. WASDEN
Attorney General
State of Idaho

COLLEEN D. ZAHN
Deputy Attorney General
Chief, Criminal Law Division

MARK W. OLSON, ISB #7555
Deputy Attorney General
Email: mark.olson@ag.idaho.gov
L. LaMONT ANDERSON, ISB #3687
Chief, Capital Litigation Unit
Criminal Law Division
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone: (208) 334-4539
Facsimile:  (208) 854-8074

Attorneys for Respondent

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DAVID JOSEPH MEISTER, | ) | CASE NO. 1:19-CV-00173-CWD |
| | ) | |
| Petitioner, | ) | |
| | ) | BRIEF IN SUPPORT OF |
| vs. | ) | RESPONDENT'S MOTION FOR |
| | ) | PARTIAL SUMMARY DISMISSAL |
| AL RAMIREZ, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

COMES NOW, Respondent, Al Ramirez, ("state"), by and through his attorney, Mark W.

Olson, Deputy Attorney General, Capital Litigation Unit, and hereby submits this brief in support

of the Respondent's Motion for Partial Summary Dismissal.

*BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL -*
*1*

## BACKGROUND

In its unpublished opinion affirming the state district court's order summarily dismissing

Meister's post-conviction petition, the Idaho Court of Appeals described the underlying facts and

procedure as follows:

> In northern Idaho in 2001, a woman, T.H., was shot and killed in her home, which she shared with her boyfriend, J.L. Based on footprints in the snow, it was determined that the shooter first approached the front entrance to the woman's home and then proceeded to the back entrance. When the woman opened the back door, she was shot once in the chest and once in the face. The shooter then retreated behind the home and through a snow-covered field, which exited onto a nearby road. A neighbor heard the shots and went to the woman's home. He called 911 and unsuccessfully made resuscitation efforts. The woman was pronounced dead at the scene.

> Almost a year later, police officers interrogated Meister in connection with the woman's death. Meister confessed that he was paid $1,000 by the victim's boyfriend to kill the victim.  Meister was charged with first degree murder and conspiracy to commit murder. Prior to trial, Meister filed a motion to suppress his confession, which the district court denied. A jury convicted Meister on both charges[.]

(State's lodging F-4, pp.1-2.)

In the initial direct appeal, the Idaho Supreme Court held that the trial court applied the

wrong standard to evaluate the admissibility of certain alternate perpetrator evidence. (State's

lodging B-8.)  The Court vacated the judgment of conviction and remanded the case for a new

trial.  (Id.)  At the conclusion of the retrial, the jury again found Meister guilty of both first-

degree murder and conspiracy to commit first degree murder.  (State's lodging C-9, p.1934.)  The

trial court imposed concurrent fixed life sentences for each charge.  (Id., pp.2005-2008.)

In the second direct appeal, Meister asserted that the trial court abused its discretion

during the retrial by limiting the testimony of his defense expert witness.  (State's lodging D-2.)

Specifically, Meister challenged the trial court's ruling that the defense expert would not be

permitted to testify specifically about the voluntariness of Meister's confession – a confession which the court had previously determined, in the context of Meister's motion to suppress, was not coerced.  (Id.)  In an unpublished opinion, the Idaho Court of Appeals held that even assuming there was any error in the limiting of the defense expert's testimony, such error was harmless because of the overwhelming amount of evidence supporting the jury's guilty verdicts, and because the information Meister sought to get before the jury was presented during defense counsel's closing argument.  (State's lodging D-5.)  The Court chose not to address whether the trial court abused its discretion.  (Id.)  The Idaho Supreme Court denied Meister's petition to review.  (State's lodging D-8.)

Meister next filed a post-conviction petition (State's lodgings E-1, pp.14-31), and eventually a second amended post-conviction petition (State's lodging E-16, pp.3511-3528) asserting:  several dozen claims of ineffective assistance of trial and appellate counsel (State's lodging E-16, pp.3511-3526); that his constitutional due process rights were violated because the jury room was not properly insulated during the trial, exposing the jury to inadmissible evidence (State's lodging E-16, pp.3525); that the trial court violated his constitutional rights by limiting the defense expert's testimony (id.); and cumulative error (State's lodgings E-16, p.3526.) These claims were supported by numerous briefs, declarations, and exhibits.  (State's lodgings E-17, pp.3595-3749;  E-18, pp.3750-3969;  E-19, pp3970-4189;  E-20, pp.4190-4324;  E-21, pp.4345-4456.)

The state district court granted the state's motion to summarily dismiss the entire petition. (State's lodging E-21, pp.4457-4472.)  The court concluded:  Meister failed to establish *Strickland* deficient performance and/or prejudice with respect to any of his ineffective assistance of trial and appellate counsel claims; Meister's claim challenging the trial court's limiting of his

expert witness's testimony was procedurally barred because the Idaho Court of Appeals already ruled upon it; Meister's jury room claim was without merit and additionally barred by I.C. § 19-4901(b) because it could have been raised below; and that Meister failed to demonstrate any error to cumulate.  (Id.)

Meister appealed from the summary dismissal of some of his post-conviction claims. (State's lodging E-1.)   In an unpublished opinion, the Idaho Court of Appeals affirmed the determinations of the state district court.   (State's lodging E-4.)   The Idaho Supreme Court denied Meister's petition for review.  (State's lodging E-11.)

In May 2019, Meister filed a habeas petition in federal district court, commencing these proceedings.  (Dkt. 1.)  In its Initial Review Order, this Court construed Meister's petition as raising the following eight claims: "(1) violation of Petitioner's right to present a defense with respect to a limitation on expert testimony; (2) violation of due process, the right to present a defense, and the right to trial by jury; (3) ineffective assistance of trial counsel ('IATC') based on counsel's failure to present evidence that Petitioner's confession could not be true; (4) IATC based on counsel's failure to present evidence of Petitioner's alibi; (5) IATC based on counsel's introduction of prejudice evidence and comments about Petitioner; (6) IATC based on counsel's failure to object to prosecutorial misconduct; (7) cumulative error arising from the violations described in Claims 1, 3, 4, 5, and 6, which deprived Petitioner of his right to a fair trial and right to the effective assistance of counsel; and (8) violation of Petitioner's right to a fair trial and right to the effective assistance of counsel, based on the jury having been 'exposed to extrinsic evidence and argument,' because the jury room was not insulted from sound and because counsel failed to object on that basis."  (Dkt. 8, p.2.)  This Court ordered the state to file an Answer or pre-Answer motion.  (Id., pp.9-10.)

*BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL -*
*4*

The state asserts that Claims One, Two, Seven (in part), and Eight (in part) in Meister's habeas petition are procedurally defaulted and that no cause and prejudice exists to excuse the defaults. The state therefore moves for the summary dismissal of these claims. Contemporaneous with this motion for partial summary dismissal and brief in support, the state lodges relevant state court records. (Dkt. 17.)

## ARGUMENT

A.    Standard Of Review

Rule 4 of the Rules Governing Section 2254 Cases provides that an answer shall be filed unless it appears from the face of the petition that relief is unavailable. The rule permits a response other than an answer. White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989). Motions to dismiss in response to petitions for habeas corpus relief are common and accepted. Id. at 603 (citing Murray v. Carrier, 477 U.S. 478, 483 (1986)). Rule 4 of the Rules Governing Section 2254 Cases "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

A court may look beyond the complaint to matters of public record and doing so does not convert a motion for summary dismissal into a motion for summary judgment. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1281 (9th Cir. 1986).

B.    Claims One, Two, Seven (In Part), And Eight (in Part) Are Procedurally Defaulted And Must Be Dismissed

1.    Legal Framework For Exhaustion

Federal courts are barred from granting habeas relief unless the petitioner exhausts the remedies available in state court. 28 U.S.C. § 2254(b). The exhaustion requirement "reflects a policy of federal-state comity," Picard v. Connor, 404 U.S. 270, 275 (1971), which requires a

*BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL -*
*5*

petitioner to "'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard, 404 U.S. at 275). Exhaustion requires more than mere notice; rather, it must "be serious and meaningful." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). The exhaustion requirement is not satisfied unless the claim has been fairly presented to the state's highest court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

"Fair presentation" requires a petitioner to describe both the operative facts and legal theories upon which the federal claim is premised. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). "Fair presentation" means more than a "mere similarity of claims" between the issues raised before the state's highest court and those raised in the federal petition. Duncan, 513 U.S. at 366; Shumway, 223 F.3d at 988. As discussed in Gray, 518 U.S. at 163, "it is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court." Moreover, a petitioner must make more than a cursory reference to the claim before the state court or a "naked reference" to a constitutional provision. Shumway, 223 F.3d at 987. Rather, the federal basis of the claim before the state court must be "explicit by citing federal law or the decisions of federal courts even if the federal basis is 'self evident.'" Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), as amended, 247 F.3d 904 (9th Cir. 2001). Based upon Duncan, the degree of explicitness is "rigorous." Id. at 669.

2.  Legal Framework Of State Procedural Bars

A federal habeas petitioner has procedurally defaulted his claim if he could have raised his constitutional claim in state court but failed and is now barred from doing so by a state court rule. Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988) (citing Murray, 477 U.S. at 485, and

Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977)). If a petitioner fails to seek direct review from a state's highest court, and the time has passed for such review, a procedural default exists even if review was afforded in the state's lower courts. O'Sullivan, 526 U.S. at 848; Harmon v. Ryan, 959 F.2d 1457, 1461 (9th Cir. 1992).

Additionally, if a state prisoner defaults a claim by violating a state procedural rule that is based upon adequate and independent state grounds, federal habeas relief is denied absent a showing of cause and prejudice or actual innocence. Coleman v. Thompson, 501 U.S. 722, 729-31 (1991)). To establish "adequate and independent grounds," "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." Wells v. Maass, 28 F.3d 1005, 1010 (9th Cir. 1994). The primary purpose of the "adequate and independent" doctrine is to apprise a defendant of the statute's existence. Ford v. Georgia, 498 U.S. 411, 423 (1991) (citing NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 457 (1958) (refusing to apply a state procedural rule because the defendant could not be "deemed to have been apprised of its existence")). Because the doctrine is based upon notice, a defendant "cannot shirk his duty under [state] law . . . simply because there is no reported case directly on point." Bargas v. Burns, 179 F.3d 1207, 1212 (9th Cir. 1999). The procedural bar is not dependent upon "case law citation that speaks to the very same factual scenario as the one before it prior to invoking the rule of procedural default. Instead, we follow the Supreme Court's dictate that where a rule is sufficiently clear as to put a petitioner on notice that he must raise all claims or risk default, that petitioner must raise all claims." Id.

Once the state pleads the existence of a state procedural bar, the petitioner may challenge the adequacy of the state procedure by citing authority demonstrating inconsistent application of the rule. If the petitioner adequately challenges the procedural bar, the ultimate burden of

*BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL -*
*7*

proving regular and consistent application of the bar rests with the state.  <u>Bennett v. Mueller</u>, 296

F.3d 752, 761-63 (9th Cir. 2002), <u>as</u> <u>amended</u> <u>by</u> 322 F.3d 573 (9th Cir. 2003); <u>contra</u> <u>Stokes v.</u>

<u>Anderson</u>, 123 F.3d 858, 860 (5th Cir. 1997) ("petitioner bears the burden of showing that the

state did not strictly or regularly follow a procedural bar around the time of his direct appeal").

       3.     <u>Claims One, Two, Seven (In Part), And Eight (In Part), In Meister's Habeas</u>
<u>Petition Are Procedurally Defaulted</u>

          a.    <u>Claims One And Two</u>

In both Claims One and Two, Meister asserts constitutional error related to the trial

court's limiting of this defense expert's trial testimony.  (Dkt. 1, pp.4-5.)  In Claim One, Meister

asserts that the trial court violated his constitutional rights by limiting the evidence.  (Dkt. 1,

p.4.)  In Claim Two, Meister asserts that the Idaho Court of Appeals violated his constitutional

rights by applying an improper harmless error analysis to Claim One.  (Dkt. 1, p.5.)  Whether

construed separately or collectively, these claims are procedurally defaulted and must be

dismissed because Meister failed to fairly present this issue as a constitutional claim to any state

appellate court, let alone the Idaho Supreme Court.

Meister challenged the trial court's limiting of his defense expert's testimony in his

second direct appeal.  (State's lodging D-2.)  However, he did so pursuant only to state law

(I.R.E. 702), and a state law-based abuse of discretion standard.  (Id.)  Meister did not cite the

United States Constitution in the briefing associated with his second direct appeal.  (<i>See</i> State's

lodgings D-2, D-4.)  Consequently, the Idaho Court of Appeals applied only state law in rejecting

Meister's claim. (State's lodging D-5.)  Therefore, Meister failed to fairly present any

constitutional claim related to the trial court's rulings in his second direct appeal.

Apparently recognizing that the manner in which he raised this claim would procedurally

bar it in a subsequent federal habeas proceeding, Meister alleged, in his post-conviction petition

<i>BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL -
8</i>

and post-conviction appeal, that his appellate counsel was ineffective for failing to "federalize" this claim.[1]  (State's lodgings E-17, pp.3653-3657; E-18, pp.3890-3894; F-1, pp.7-8.)  Meister also attempted to assert, as a separate post-conviction claim, that the trial court violated his constitutional rights by limiting his defense expert's testimony.  (State's lodgings E-18, pp.3751-3754; E-19, pp.3997-4003; F-1, pp.47-50.)

Meister's attempt to "federalize" this claim in his post-conviction petition and post-conviction appeal did not constitute proper exhaustion of this claim in state court.  The Idaho Court of Appeals applied I.C. § 19-4901(a)(4), a clear, well-established, and consistently applied procedural bar to dispose of the claim.[2]  (State's lodging F-4, pp.37-39.)   Idaho Code § 19-4901(a)(4) precludes post-conviction issues that were "previously presented and heard."   This bar is long-established in Idaho.  *See* e.g., <u>Paradis v. State</u>, 716 P.2d 1306, 1309 (Idaho 1986); <u>Hall v. State</u>, 885 P.2d 1165, 1168 (Idaho App. 1994).  Here, the Court of Appeals applied the bar after concluding that Meister failed to provide any additional information regarding the trial court's limiting of his defense expert witness's testimony.  (State's lodging F-4, pp.37-39.)

Meister therefore failed to fairly present Claims One and Two as constitutional claims to any state appellate court, let alone the Idaho Supreme Court.  Because the time to do so has now expired (*see* I.A.R. 14), these claims are procedurally defaulted unless Meister can demonstrate cause and prejudice or actual innocence.

  b. <u>Claim Seven</u>

In Claim Seven, Meister asserts cumulative error.  (Dkt. 1, p.10.)  Specifically, Meister asserts cumulative error arising from the alleged violations described in Claims One, Three,

---

[1] The Idaho Court of Appeals rejected this ineffective assistance of appellate counsel claim. (State's lodging F-4, pp.16-18.)  Meister has not raised this claim in this habeas proceeding.  (*See* Dkt. 1.)

Four, Five, and Six of his habeas petition.  (Id.)  Meister raised a similar cumulative error claim in his post-conviction appeal.  (State's lodging F-1, pp.54-55.)  The Idaho Court of Appeals rejected this claim after concluding that Meister failed to establish any errors to cumulate. (State's lodging F-4, p.40.)  The portion of Claim Seven in which Meister seeks to cumulate alleged errors from Claim One is procedurally defaulted, because, for the reasons discussed above, Claim One is itself procedurally defaulted.  Procedurally defaulted claims cannot be a part of a cumulative error claim raised in a federal habeas petition.  *See* Cuesta-Rodriguez v. Carpenter, 916 F.3d 885, 916 (10th Cir. 2019) (*pet. for cert. pending*); Hughes v. Dretke, 412 F.3d 582, 597 (5th Cir. 2005).  This portion of Claim Seven is therefore itself procedurally defaulted and must be dismissed unless Meister can demonstrate cause and prejudice or actual innocence.

       c.    <u>Claim Eight</u>

In Claim Eight, Meister contends:  (a) improper insulation of the jury room at his second trial resulted in the jury being exposed to inadmissible evidence, thus constituting a due process violation; and (b) his trial counsel was ineffective for failing to bring this issue to the trial court's attention.  (Dkt. 1, p.11.)  It appears that Meister attempted to raise both of these sub-claims in his post-conviction petition (State's lodgings E-18, pp.3755-3759; State's lodging E-19, pp.4005-4008), and post-conviction appeal (State's lodging F-1, pp.50-54).  However, the Idaho Court of Appeals applied I.C. § 19-4901(b), a clear, well-established, and consistently applied state procedural bar to dispose of sub-claim (a) of Claim Eight.

Idaho Code § 19-4901(b) provides that any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in a post-conviction proceeding unless it appears to the court that there was some reason that the claim could not have been raised earlier.  This is a long-established procedural bar in Idaho.  *See e.g.*, Raudebaugh v. State,

*BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL - 10*

21 P.3d 924, 928 (Idaho 2001); Hollon v. State, 976 P.2d 927, 934-935 (Idaho 1999); Hughes v. State, 224 P.3d 515, 529 (Idaho Ct. App. 2009); Knutsen v State, 163 P.3d 222, 227-228 (Idaho Ct. App. 2007). Here, the Idaho Court of Appeals applied the I.C. § 19-4901(b) procedural bar after finding no reason why Meister could not have raised the claim on direct appeal. (State's lodging F-4, pp.39-40.)

Meister failed to fairly present Claims 1, 2, 7 (in part), or 8 (in part) to the Idaho Supreme Court. Because the time to raise these claims has now expired (*see* I.A.R. 14), these claims are procedurally defaulted and must be dismissed unless Meister can demonstrate cause and prejudice or actual innocence.

      4.      <u>To Overcome Dismissal Due To Procedural Default, Meister Must Show Cause And Prejudice Or A Miscarriage Of Justice</u>

When a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas relief unless the prisoner shows: (1) a valid cause for the default and actual prejudice resulting from the alleged constitutional violation, or (2) that failure to consider the claims will result in a miscarriage of justice, also known as "actual innocence." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Murray, 477 U.S. at 496; Reed v. Ross, 468 U.S. 1, 16-19 (1984).

      a.      <u>General Legal Standards Governing Cause And Prejudice</u>

"Cause" has been described as something external to the petitioner:

> [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.

Coleman, 501 U.S. at 753 (quoting Murray, 477 U.S. at 488). A petitioner's illiteracy, *pro se* status and/or mental deficiencies have all been found not to be "external impediments preventing

counsel from constructing or raising the claim."  Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908-09 (9th Cir. 1986); Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988).

"Prejudice" requires a petitioner to show more than the possibility of prejudice.  U.S. v. Frady, 456 U.S. 152, 170 (1982).  Rather, the petitioner must establish that any alleged error worked to his substantial disadvantage, infecting the entire trial.  Id.  In Vansickel v. White, 166 F.3d 953, 958 (9th Cir. 1999), the court implied that the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984), applies to the "prejudice" standard of procedural default.  This standard requires Meister to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Vansickel, 166 F.3d at 958-59 (quoting Strickland, 466 U.S. at 694).

The Ninth Circuit Court of Appeals has concluded that, prior to summary dismissal, a *pro se* petitioner must be given an opportunity to establish cause and prejudice such as to excuse a procedural default.  *See* Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998).  If, in his response to the Respondent's Motion for Partial Summary Dismissal, Meister fails to establish cause and prejudice excusing his procedural default, his procedurally defaulted claims must be dismissed unless he demonstrates a fundamental miscarriage of justice.

b.    General Legal Standards Governing Miscarriage Of Justice

Application of the fundamental miscarriage of justice exception "makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass in order to have his otherwise barred constitutional claim considered on the merits."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  To establish a miscarriage of justice by virtue of actual innocence, a petitioner must demonstrate that, "in light of all the

evidence," "it is more likely than not that no reasonable juror would have convicted him." <u>Schlup v. Delo</u>, 513 U.S. 298, 327 and 328 (1995). "Actual innocence" means factual innocence, not mere legal insufficiency. <u>Sawyer v. Whitely</u>, 505 U.S. 333, 339 (1992). If, in his response to the Respondent's motion for partial summary dismissal, Meister fails to establish a fundamental miscarriage of justice, his procedurally defaulted claims must be dismissed.

## **<u>CONCLUSION</u>**

The state respectfully requests this Court grant the state's motion for partial summary dismissal and to dismiss, with prejudice, Claims One, Two, Seven (in part), and Eight (in part) in Meister's Petition for Writ of Habeas Corpus.

DATED this 18th day of November, 2019.

/s/ _____
MARK W. OLSON
Deputy Attorney General
Capital Litigation Unit

*BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL -*
*13*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or about the 18th day of November, 2019, I caused to be serviced a true and correct copy of the foregoing document by the method indicated below, postage prepaid where applicable, and addressed to the following:

David Joseph Meister                        X     U.S. Mail
IDOC #70703                              _____ Hand Delivery
ISCI                                      _____ Overnight Mail
Unit 9B 39A                              _____ Facsimile
PO Box 14                                _____ Electronic Court Filing
Boise, ID 83707

/s/_____
MARK W. OLSON
Deputy Attorney General
Capital Litigation Unit

*BRIEF IN SUPPORT OF RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL -*
*14*